### DE CATERS and wife *vs.* LE RAY DE CHAUMONT and KANADY.

Where an insolvent debtor assigned all his property to C., in trust to pay, in the first place, certain preferred creditors, and afterwards to distribute the residue rateably between such of his general creditors as should, within one year from the date of that conveyance, accept the provision made therein for them, and release him, (the insolvent,) from all further claims ; and D., a creditor of the insolvent, did not receive any notice of the trust until after the expiration of the one year ; but as soon as he received such notice, applied to C., the trustee, to be permitted to accept the provision made by the trust deed, upon a compliance on his part with the conditions thereof, and the trustee refused such permission ; and the insolvent debtor was afterwards discharged under the insolvent act, and assigned all his interest in the surplus, which by the trust deed was to be refunded to him, to K., for the benefit of his creditors generally ; *it was held*, that D. had an equitable right to his proportion of the trust fund, upon a compliance with the conditions imposed, he not having had notice of the trust within the year, and having done nothing since he had such notice inconsistent with his offer to accept of the provision made for him in the trust deed.

Where, under such circumstances, a creditor, in consequence of want of notice, mistake, or accident, was unable to comply with the terms prescribed, within the time limited, and who has done nothing inconsistent with an acceptance of the provision made in his favor, he will be admitted to his share of the fund, provided he signifies his election to do so, in a reasonable time.

But such of the creditors as, within the time limited, had notice of the creation of the trust, and neglected or refused to accept of the provision made therein for them, are precluded from any participation in the fund, and their only claim will be upon the surplus, if any there should be remaining, after satisfying the debts of the creditors who accepted their proportion of the trust fund upon the terms proposed.

July 19th.

JAMES DONATIANUS LE RAY DE CHAUMONT, being possessed of a very large estate, consisting principally of wild lands in the states of New-York and Pennsylvania, and being very

largely indebted and insolvent, in December, 1823, conveyed all his property, in the United States and elsewhere, to the defendant, Vincent Le Ray De Chaumont; in trust, in the first place, to pay certain preferred creditors, and afterwards to distribute the residue rateably between such of his general creditors as should, within one year from the date of that conveyance, come in and accept the provision made for them by the trust deed, and release the grantor from further claims. Soon after the execution of the trust deed, the trustee directed his agent in Paris to give notice by letter to the several creditors resident in Europe, of the terms and conditions thereof. Most of the creditors who had no security for their debts, came in under the assignment. But the complainant Jeanne Antoinette, wife of De Caters, residing in the Netherlands, and a creditor to the amount of about $70,000 did not receive notice of the creation of the trust within the year. When the complainants were informed of the terms and conditions of the trust deed, they instructed their attornies in New-York to apply to the trustee for permission to come in under the assignment, on complying with its conditions. The application was made accordingly, but the trustee refused to grant it unless the consent of those creditors who came in within the year was obtained, or the court directed it to be done. J. D. Le Ray De Chaumont was discharged under the insolvent act, and assigned all his interest in the surplus, which by the trust deed was to be refunded to him, to the defendant Kanady for the benefit of his creditors generally, according to the provisions of the statute.

This bill was filed by De Caters and wife, in behalf of themselves and such others of the creditors as should elect to come in under the decree, for a sale and distribution of the property, and the execution of the trust; and praying, among other things, that they might be permitted to come in under the trust deed, and receive their share of the property rateably with the other creditors. The defendants put in answers, which substantially admitted the facts stated in the bill; but referred the question, as to the rights of the creditors who did not accept of the terms contained in the trust

deed before the expiration of the year, to the decision of the court.

*W. H. Harrison,* for the complainants, cited *Dunch* v. *Kent,* 1 Vernon's R. 260, and *Spottiswood* v. *Stockdale,* Cooper's R. 102.

*Thomas L. Ogden,* for the defendants.

The Chancellor. The right of the complainants to come in and share with the other creditors the fund created by the trust deed, does not, as supposed by their counsel, depend upon any general continuing equity in their favor notwithstanding their neglect to comply with the condition in the deed. In the case of *Dunch* v. *Kent,* it is true, the complainant insisted there was a continuing trust in favor of all the creditors, although they did not come in within the year. But this question does not appear to have been decided. In that case there was an equity in favor of the complainant and all the other creditors of the bankrupt, to be paid out of the fund due to his estate; and if there was any thing to which those creditors who did not come in were not entitled, Lindsey was, as to that portion of the fund, a trustee for the creditors generally. He took the whole fund, as executor of Colville, in right of his wife, and therefore an account was directed. But the lord keeper refused to hear the discussion as to the particular rights and equities of any of the creditors. When the case came before Lord Guilford, on the master's report, (1 Vern. R. 319,) it turned out that none of the creditors of Colville came in within the year. The real contest in that case was not as to priority of payment between those creditors who came in and those who did not. It was between the creditors, on the one side, and Lindsey and his individual creditors on the other; he having attempted to divert the whole funds to the payment of his own private debts. It was therefore very properly decided that the fund created by the patent was special assets in his hands as executor, for the payment of Colville's debts; and was not convertible by him to his own purposes. The case of *Spottiswood* v. *Stockdale,* (Cooper's R. 102,) shows that a composition

1831.

De Caters
v.
Le Ray De
Chaumont.

deed, though void at law because all the creditors have not signed it within the limited period, is good in equity, if they have actually assented to it and acted under it within the time. The same principle had been previously recognized by Lord Eldon, in the case of *Sadler* v. *Jackson, Ex parte*, (15 Ves. R. 52.)

There is another principle, however, which will entitle these complainants to equitable relief in this case ; and some of the other creditors may be in the same situation. It was unquestionably the intention of the person who created this trust, that all of his creditors, as well in Europe as in this country, should have an opportunity to accept of the terms offered by the trust deed ; and that they should be entitled in that case to their proportion of his property. Those who had notice of the trust in time to enable them to come in within the year, but who neglected or refused to do so, must be considered as rejecting the offer thus held out to them in common with the other creditors. As against them, those creditors who accepted the offer are in equity, as well as at law, entitled to a priority. The others have voluntarily relinquished the provision which was made for them by the trust deed, and have no claim except upon the surplus, if any there should be, which passed to the general assignee under the insolvent act. Those creditors, who would gladly have accepted their proportion of the trust fund upon the terms proposed, but who, for want of notice, or from mistake or accident, were unable to comply with those terms within the year, and who have not done any thing since that time inconsistent with the offer held out to them by the creation of the trust, have an equitable right to be let in to share the fund at this time, upon the terms proposed.

A decree must be entered declaring their rights accordingly ; and the complainants, and all others who are in the same situation, will have an opportunity, at any time within six months, to come in before the master and establish their claims as creditors, and to comply with the terms prescribed in the creation of the trust. But before they are to be permitted to come in and establish their claims before their master,

they must furnish him with their own affidavits, or other sat-
isfactory proof, that they had not notice of the terms and
conditions of, and the actual provisions made for them by the
deed, in time to enable them reasonably to accept of the terms
offered within the year, or they must show some other satisfac-
tory excuse for not having come in within that time. And any
of the creditors, who are entitled to a share of the fund, as well
as the trustee and the assignee under the insolvent act, are
to be at liberty to controvert those facts before the master,
and to show that they are not entitled to come in as credi-
tors, on the principles above declared; or that the amounts
claimed by them are not justly due, or that they have receiv-
ed payment, either wholly or in part, out of other funds.