In the Matter of the Assignment of JOSEPH I. BLACK to CHARLES S. McGAY for the Benefit of Creditors.

[SPECIAL TERM].

(Decided December 9th, 1884).

The assignee in a general assignment for benefit of creditors should not be allowed to bid at a sale of property of the assigned estate, merely because he makes claim against the estate, of an indebtedness to himself, which is disputed by the assignor, and the validity and amount of which have not been determined.

APPLICATION by an assignee under a general assignment for the benefit of creditors for leave to bid at a sale of property of the assigned estate.

The facts are stated in the opinion.

ALLEN, J.—The question upon this motion is whether the assignee should be allowed to bid at a sale of certain property of the assigned estate.   The doctrine of the general disability of a trustee to become a purchaser at a sale of the trust estate has been well settled.   The rule laid down on that subject in the case of *Davoue* v. *Fanning* (3 Johns. Ch. 252), has been followed in every case from the date of that decision to the present time.   The only

case in this state on the subject of the removal of this disability appears to be *De Caters* v. *De Chaumont* (2 Paige 490). In that case it was held that if the trustee has a personal interest in the sale, which may be sacrificed if he is not allowed to become a bidder, the court will substitute in his place a master or another trustee, if it can be done without injury to the *cestui que trust*. Here the assignee claims that the assigned estate is indebted to him. The indebtedness is disputed by the assignor. The personal interest of the assignee in the sale is therefore based upon a claim against the estate, the validity and amount of which have not yet been determined. I think a very strong case should be presented for the relaxation of the rule. I do not think the papers here present such a case. When the claim of the assignee has been passed upon and the amount of it determined, he may renew the motion if he so desires.

The present application must be denied, without costs.